38    People ex rel. Masonic Hall Association *v.* White.

Third Department, September, 1926.                    [Vol. 218

---

The People of the State of New York ex rel. Masonic Hall Association of Saratoga Springs, N. Y., Appellant, *v.* James B. White, as Commissioner of Accounts, etc., and Others, Respondents.

Third Department, September 8, 1926.

Taxation — exemption — property owned by holding corporation for use by Masonic bodies not exempt under Tax Law, § 4, subd. 7 — Benevolent Orders Law, §§ 7, 8, applied.

The relator is a holding corporation incorporated for the purpose of holding real property to be used by Masonic bodies in the city of Saratoga Springs to which it rents the property.   It was incorporated under section 7 of the Benevolent Orders Law and the incorporators and trustees were men elected by the four Masonic bodies of the city.   The building owned by the relator is not exempt from taxation under subdivision 7 of section 4 of the Tax Law, on the ground that it is real property of a fraternal corporation created to build and maintain a building for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum, home or school for the free education or relief of the members of such fraternity, or for the relief, support and care of worthy and indigent members of the

fraternity, their wives, widows or orphans, since it appears that the purposes of said corporation, as stated in its certificate of incorporation, are not those specified in said subdivision 7 of section 4, and since it appears that the certificate of incorporation does not require the entire net income to be used exclusively as specified in said subdivision, and furthermore, relator is not a fraternal corporation and has no worthy and indigent members for the relief, support and care of whom its net income could be applied.

It was not incorporated for any educational, charitable or benevolent purpose, another ground for exemption, except in so far as it maintains a library for the benefit of the Masonic bodies which make use of the building, nor has there been a binding dedication of its net income to the purposes specified in subdivision 7 of section 4 of the Tax Law, pursuant to section 8 of the Benevolent Orders Law or otherwise, except a resolution which provides for the use of the income for the relief, support and care of worthy and indigent members of the Masonic fraternity, their wives, widows and orphans, but does not provide that the income shall be used for the construction and maintenance of a building, asylum, home or school for the relief of those mentioned in the statute.

Relator's property clearly is not exempt under the first part of subdivision 7 of section 4 of the Tax Law, since the relator was not organized exclusively for a charitable, benevolent, educational, library or other purpose defined in the statute nor for two or more such purposes, for its main purpose as defined by its certificate of incorporation is to manage the property for the benefit of the Masonic bodies from Saratoga Springs, and while the library is maintained in the building, the building is not used exclusively for a library but is used for the ceremonial work of the Masonic bodies and as a social club.

APPEAL by the relator, Masonic Hall Association of Saratoga Springs, N. Y., from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Saratoga on the 3d day of May, 1926, dismissing a writ of certiorari so far as relator's claims to exemption are concerned and appointing a referee to take evidence relating to the alleged inequality and over-assessment of the relator, and report the same to the court with the findings of facts and conclusions of law.

This is a certiorari proceeding to review a tax assessment against the relator's real property known as the Masonic Temple in the city of Saratoga Springs, N. Y., for the year 1926. The relator claimed that its property was exempt from taxation under the provisions of section 4, subdivision 7, of the Tax Law. The matter was submitted to the court below upon the petition, the return and stipulated facts. The order dismissed the writ so far as the claim to exemption was concerned and the relator appeals therefrom.

*Corliss Sheldon,* for the appellant.

*Sheridan P. Wait [John A. Slade* of counsel], for the respondents.

HINMAN, J.   Section 4, subdivision 7, of the Tax Law (as amd. by Laws of 1924, chap. 489), so far as material here, provides that the following property shall be exempt from taxation:

40    People ex rel. Masonic Hall Association *v.* White.

Third Department, September, 1926.    [Vol. 218

" 7. The real property of a corporation or association *organized exclusively for* the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes,  *  *  *  or for two or more such purposes, *and used exclusively for carrying out thereupon one or more of such purposes,* and the personal property of any such corporation shall be exempt from taxation.  *  *  *  The real property of any such corporation not so used exclusively for carrying out thereupon one or more of such purposes but leased or otherwise used for other purposes, shall not be exempt, but if a portion only of any lot or building of any such corporation or association is used exclusively for carrying out thereupon one or more such purposes of any such corporation or association, then such lot or building shall be so exempt only to the extent of the value of the portion so used, and the remaining or other portion, to the extent of the value of such remaining or other portion, shall be subject to taxation; provided  *  .  *  *  that the real property of any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of such fraternity or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans, shall be exempt from taxation  *  *  *."

The main contention of the relator is that it is a fraternal corporation which is entitled to have its Masonic Temple totally exempted under the last portion of the provisions of said subdivision 7 quoted above. The relator was incorporated under the provisions of section 7 of the Benevolent Orders Law. On May 10, 1924, the trustees of relator, duly elected by four Masonic bodies which united to form the corporation, made and filed an amended certificate of incorporation under said section 7 of the Benevolent Orders Law (as amd. by Laws of 1924, chaps. 245, 604).* The purposes of said corporation were stated in the certificate to be " the acquiring, building and maintaining a building or buildings for its meetings or meetings of the general assembly of its members, and subordinate bodies of the Masonic Fraternity; and for the accommo-

---

* Since amd. by Laws of 1925, chap. 382.— [Rep.

People ex rel. Masonic Hall Association *v.* White.    **41**

App. Div. 38]        Third Department, September, 1926.

dation of other fraternal bodies or associations, and creating, collecting and maintaining a library for the use of the Masonic bodies hereinafter named." The certificate also stated the names of the four trustees and the names of the four Masonic bodies uniting to form the corporation. These four Masonic bodies were proper bodies under said section 7 of the Benevolent Orders Law to "unite in forming a corporation * * * for the purpose of acquir'ng, constructing, maintaining and managing a hall, temple or other building * * * and of creating, collecting, and maintaining a library for the use of the bodies uniting to form such corporation." The provision of subdivision 7 of section 4 of the Tax Law, however, under which the relator claims exemption, requires that the entire net income of such real property of the fraternal corporation be " exclusively applied or to be used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of *such fraternity* or for the relief, support and care of worthy and indigent members of *the fraternity,* their wives, widows or orphans." " Such fraternity " and " the fraternity," according to the context, relate to the " fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity." The only members of the relator as a fraternal corporation are the four Masonic bodies or their elected representatives. The relator became a distinct corporate entity separate and apart from the four Masonic bodies. Membership in one of these Masonic bodies did not constitute membership in the relator corporation. The relator, apart from the Masonic bodies which it represented for a special purpose, had no worthy and indigent members for the relief, support and care of whom its net income could be applied. The purpose of the Benevolent Orders Law was to create a convenient corporation to own and manage its property for the benefit of the various bodies which united to form it. We think it was not the kind of fraternal corporation referred to in subdivision 7 of section 4 of the Tax Law. It has no general assembly of its members. It has no subordinate bodies. It has no such membership as might require the maintenance of an asylum, home or school for their free education or relief or for the relief, support and care of worthy and indigent members, their wives, widows or orphans. Said provision of the exemption statute evidently contemplates a fraternal corporation, association or body with a large membership and which charters subordinate lodges; in short, a real fraternity as distinguished from a mere landlord corporation such as the relator was incorporated to be. It was not incorporated for any educa-

**42** People ex rel. Masonic Hall Association *v.* White.

Third Department, September, 1926. [Vol. 218

tional, charitable or benevolent purpose, except in so far as it maintained a library for the benefit of these Masonic bodies. It was not incorporated for the purpose of obtaining an income to be applied to the charitable and benevolent purposes of an asylum, home or school, etc., as limited in the said exemption statute. No such purpose was expressed in its certificate of incorporation. It has not even made a binding dedication of its net income to such a purpose in the manner indicated in section 8 of the Benevolent Orders Law (as amd. by Laws of 1921, chap. 690, and Laws of 1923, chap. 349). No by-laws, rules and regulations to that end, concurred in by all of these Masonic bodies, were adopted. The relator relies upon a resolution passed by its trustees in July, 1923, prior to the date of filing its amended certificate of incorporation. In that resolution it was resolved:

" That the entire net income of this association, after deducting interest on its bonds, given to acquire, construct and maintain the Masonic Temple Building on South Broadway, Saratoga Springs, N. Y., heating, lighting, janitorship and the other expenses of upkeep and maintenance of said building, be and it is hereby appropriated exclusively for and to be actually applied and used by this association *for the relief, support and care of worthy and indigent members of the Masonic fraternity, their wives, widows and orphans.*"

Aside from the fact that members of the " Masonic fraternity " are referred to, rather than members of the fraternal body created to build the building (to which reference has been made) we note that the resolution permits the net income to be applied for any kind of relief, support and care of worthy and indigent members, their wives, widows and orphans. The said provision of the exemption statute, however, seems to limit the use of such net income to building, furnishing and maintaining an asylum, home or school " for the * * * relief, support and care of worthy and indigent members * * *, their wives, widows or orphans." Therefore, its purpose is not the kind of charitable purpose contemplated in that portion of subdivision 7 of section 4 of the Tax Law which exempts from taxation the real property of a " fraternal corporation, association or body created to build and maintain a building * * * for its meeting * * *, the net income of which real property is exclusively applied or to be used " for specific charitable purposes. The reason for the exemption is expressed in the charitable use of the income rather than in the charitable use of the real property exempted. In this respect it is an expressed exception to the general rule of the statute. For all these reasons we conclude that the relator is not

entitled to have its property exempted under that portion of the said statute.

The relator claims that if exemption should be denied under said portion of subdivision 7 of section 4 of the Tax Law, it is entitled to have its property exempted under the first part of said subdivision. Clearly the relator's property cannot be exempted under that portion of the statute. The relator was not " organized exclusively " for a charitable, benevolent, educational, library or other purpose defined in the statute, nor for two or more of such purposes. It was mainly chartered to manage its property for the benefit of certain bodies which leased it and which were separate entities, distinct from the relator. Assuming that relator could be deemed to have been organized for the charitable and benevolent purpose of using its net income for the relief of worthy and indigent persons through the passage of its resolution to that end, its real property sought to be exempted has not been " used exclusively for carrying out *thereupon* " such purpose. The use of the real property as distinguished from the income derived from its use is what is contemplated in the first portion of said subdivision. The real property in question was not used exclusively for a library. It was used in part by the Masonic bodies for their ceremonial work and another portion was used exclusively by a Masonic club. It is stipulated that said club is organized for purposes of social recreation and not for any charitable, benevolent or educational purposes, and is composed solely of Masons, but not all of them, belonging to these four Masonic bodies. The use of its portion of the building by this club is purely that of social recreation. The relator did not use the real property or carry out " thereupon " any purpose except in so far as it maintained a library in a part of the building. It leased the rooms to the Masonic bodies and the Masonic club for fixed rentals. The use of a portion of the building exclusively by the Masonic club for social recreation destroyed any right to claim that the real property was " used exclusively for carrying out thereupon " a library and one or more other educational, charitable or benevolent purposes, even assuming that the relator was " organized exclusively " for one or more of such purposes. This conclusion seems to be in harmony with the authorities in this State, in which the courts have uniformly applied the usual rule of strict construction of an exemption statute as against the owner claiming such a tax exemption. (*People ex rel. Mizpah Lodge* v. *Burke*, 228 N. Y. 245; *People ex rel. Young Men's Assn.* v. *Sayles*, 32 App. Div. 197; affd., 157 N. Y. 677; *People ex rel. N. Y. Lodge No. 1* v. *Purdy*, 179 App. Div. 805; affd., 224 N. Y. 710; *People ex rel. D. K. E.*

44    People ex rel. Cent. H. G. & E. Co. *v.* State Tax Comm.

Third Department, September, 1926.    [Vol. 218

*Society* v. *Lawler,* 74 App. Div. 553; affd., 179 N. Y. 535; *People ex rel. Schenectady O. F. T. A.* v. *McMillan,* 199 App. Div. 268.)

No question of partial exemption was before the court below and it properly refused to consider the question. (See 126 Misc. 661.) There was no claim for partial exemption before the assessors on grievance day and the petition for certiorari was not made nor the writ obtained on any such theory.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with costs.