YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF BROOKLYN, Plaintiff, v. CITY OF NEW YORK, Defendant.*

Supreme Court, Kings County, May 31, 1928.

---

* Affd., 227 App. Div. 742.

*Richard Ely*, for the plaintiff.

*Wm. H. King*, for the defendant.

CROPSEY, J. Plaintiff owns and maintains three adjoining buildings for its own use. Two of the buildings are equipped as apartments which are rented to members of the plaintiff. The heat is furnished from the other building, which, it is assumed, is exempt from taxation. This action involves only the two buildings first mentioned and seeks to cancel certain taxes thereon as a cloud upon title. If considered as a separate operation, the maintenance of these two buildings yields a profit which is applied to the general needs of the plaintiff. If portions of the third, or main, building were used for the very purpose for which these two buildings are used, it is doubtful if any claim would have been made that taxes could be levied upon it. And there seems to be no reason why these buildings should be taxable. They are used in carrying out the plaintiff's work and for no other purpose, and that is said to be the test to determine an exemption. (*Young Women's Christian Association* v. *City of New York*, 217 App. Div. 406, 409; affd., 245 N. Y. 562.) That those who rent the apartments are not objects of charity is immaterial. (*Webster Apartments* v. *City of New York*, 118 Misc. 91; *People ex rel. Trustees of Mount Pleasant Academy* v. *Mezger*, 98 App. Div. 237.) In *Young Women's Christian Association* v. *City of New York* (*supra*) and *People ex rel. Young Men's Association* v. *Sayles* (32 App. Div. 197; affd., 157 N. Y. 677), where property was held not exempt it was thrown open to public use for the purpose of making money. There is no such situation here. Judgment for plaintiff. Settle findings and judgment on notice.