B'NAI B'RITH CLUB, INC., Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, March 8, 1935.

*L. E. Schlechter* of counsel [*Manuel Neufeld* with him on the brief; *L. E. Schlechter*, attorney], for the appellant.

*Laurence J. Rittenband* of counsel [*Oscar S. Cox* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

GLENNON, J.   This action was instituted to cancel taxes for the years 1930 to 1933, inclusive, on improved real property of the plaintiff located at 36 West Sixty-ninth street in the borough of Manhattan, city of New York.   Title was acquired on November 8, 1930.   B'Nai B'Rith Club, Inc., was incorporated in the month of October of that year.

The premises were and are used exclusively to carry out the objects for which the B'Nai B'Rith Club was organized.   One of the chief aims of the club is the moral and mental improvement of men and women.   While it is religious in character, still its main purpose is to instill patriotism in the minds and hearts of the membership and people generally, and, at the same time, to lend a helping hand to those who are in distress.   In fact, the entire net income has been and will be devoted exclusively to the relief of indigent members and worthy charities.

B'Nai B'Rith Club, Inc., was organized pursuant to a resolution adopted by the general committee of B'Nai B'Rith District No. 1. The latter is a fraternal organization which received its charter from the State of New York in or about the year 1853.   It is made up of lodges in this State, New England and the Dominion of Canada.   The governing body is known as District Lodge No. 1.

The general purpose of the parent organization is the mental and moral improvement of men and women.   It has always been benevolent, educational, charitable and patriotic.   It maintains and supports the home for the aged and infirm at Yonkers, N. Y., together with hospitals and orphan asylums in various localities throughout the country.

The plaintiff is composed of the members in good standing of the lodges and auxiliaries of the metropolitan lodges of the B'Nai B'Rith District No. 1.   No one who enjoys the right to the use of the club property is called upon to pay dues.   Its source of income is derived from voluntary contributions made by the lodges, as well as donations from members and the general committee of the main organization.   Charitable organizations are allowed to use the rooms for meeting purposes without charge, and consequently there is no income from that source.   It occasionally permits the use of its building for social affairs but the income derived therefrom is devoted exclusively to charity by it or by

any benevolent organizations which sponsor them. In other words, the real property of this association is used exclusively for several of the purposes which are set forth in subdivision 6 (formerly subd. 7) of section 4 of the Tax Law. This section reads in part as follows:

"The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, public playground, scientific, literary, bar association * * *, or for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation shall be exempt from taxation. * * *

"* * * and further provided that the real property of any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of such fraternity or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans, shall be exempt from taxation." (As amd. by Laws of 1929, chap. 382; since amd. by Laws of 1932, chap. 328, and Laws of 1933, chap. 470.)

We believe that the facts which were proven, without contradiction, upon the trial of this case, clearly indicated that plaintiff was organized *exclusively* for the purposes which we have already outlined, and in addition thereto, that the entire net income of the club's real property is *exclusively* applied " for " the " support and care of worthy and indigent members of the fraternity, their wives, widows or orphans," within the meaning of the Tax Law.

The court at Special Term cited *People ex rel. Masonic Hall Assn.* v. *White* (218 App. Div. 38; affd., 244 N. Y. 564) as authority for its decision in favor of the defendant. That case is readily distinguishable. There the corporation was organized by four lodges of the Masonic order to maintain a building where meetings were held. Mr. Justice HINMAN said in part: " It was not incorporated for any educational, charitable or benevolent purpose, except in so far as it maintained a library for the benefit of these Masonic bodies. It was not incorporated for the purpose of obtaining an income to be applied to the charitable and benevolent purposes of an asylum, home or school, etc., as limited in the said

exemption statute. No such purpose was expressed in its certificate of incorporation."

Here, as we have seen, plaintiff was organized, amongst others, for charitable and benevolent purposes. Its net income is devoted solely to the purposes outlined in the statute, which serve to make its real property exempt from taxation.

We have reached the conclusion, therefore, that plaintiff's cause of action was well founded, and that the court at Special Term erred in denying to it the relief it sought for the period of time from the purchase of the property down to and including the year 1933.

The judgment should be reversed, with costs, and judgment directed for the plaintiff in accordance with this opinion, with costs.

MARTIN, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and judgment directed for plaintiff in accordance with opinion, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.