B'NAI B'RITH CLUB, INC., Respondent, *v.* THE CITY OF NEW YORK, Appellant.

(Argued December 13, 1935; decided January 21, 1936.)

*Paul Windels, Corporation Counsel (Oscar S. Cox* and *Laurence J. Rittenband* and *Frances W. Lehrich* of counsel), for appellant. The premises were not exclusively used for charitable or benevolent purposes but were acquired for the purpose of deriving rents, profits or income from their operation and this purpose was fulfilled. (*Matter of Yaddo,* 216 App. Div. 1; *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245; *Pratt Institute* v. *New York,* 183 N. Y. 151; *People ex rel. Masonic Hall Assn.* v. *White,* 218 App. Div. 38; 244 N. Y. 564.) The respondent is not exempt under the latter portion of subdivision 6 of section 4 of the Tax Law (Cons. Laws, ch. 60) because it is not a fraternal corporation, does not use its premises for the requisite purposes and does not apply its entire net income in the manner required by subdivision 6. (*Manhattan Maternity & Dispensary* v. *City of New York,* 175 App. Div. 979; *People ex rel. Barnard* v. *Wells,* 46 Misc. Rep. 13; 92 App. Div. 622; 179 N. Y. 524; *People ex rel. Donner* v. *Burke,* 204 App. Div. 557; 236 N. Y. 650; *People ex rel. Masonic Hall Assn.* v. *White,* 218 App. Div. 38; 244 N. Y. 564; *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 254; *People ex rel. New York Lodge No. 1, B. P. O. E.* v. *Purdy,* 179 App. Div. 805; 224 N. Y. 710; *People ex rel. Delphian Lodge* v. *Cahoon,* 179 App. Div. 287; *People ex rel. Schenectady O. F. T. A.* v. *McMillan,* 117 Misc. Rep. 600; 199 App. Div. 268; *Boston Lodge* v. *Boston,* 217 Mass. 176.)

*L. E. Schlechter* for respondent. The premises were and are used exclusively to carry out the purposes for which the respondent was organized, to wit, the mental and moral improvement of men and women, as well as benevolent, literary and patriotic purposes, and to maintain the premises as a meeting place for the membership and for use by other fraternal organizations, the entire net income being exclusively dedicated to the relief of worthy and indigent members. (*People ex rel. Syracuse Masonic*

*Temple* v. *Ostrander*, 105 Misc. Rep. 405; *People ex rel. Crook* v. *Wells*, 179 N. Y. 257; *Matter of Syracuse University*, 214 App. Div. 375; *Matter of Yaddo*, 216 App. Div. 1; *People ex rel. D. K. E. Soc.* v. *Lawlor*, 74 App. Div. 553; *People ex rel. Masonic Hall Assn.* v. *White*, 126 Misc. Rep. 661.)

*Per Curiam.* Respondent is a membership corporation, not a fraternal organization. It uses the real property in question for rental purposes and profit. It does not, therefore, come under the first part of section 4, subdivision 6 (formerly 7) of the Tax Law (Cons. Laws, ch. 60). The property is not used exclusively for charitable or benevolent purposes, and it is not used exclusively for meetings, and the net income is not used exclusively to build and maintain a home for the members of the corporation; therefore, the real property is not exempt under the second part of section 4, subdivision 6. (Cf. *People ex rel. Masonic Hall Assn.* v. *White*, 218 App. Div. 38; affirmed, 244 N. Y. 564.) (See, also, *Matter of Syracuse Masonic Temple*, 270 N. Y. 8, handed down herewith.)

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., not sitting.

Judgment accordingly.