In the Matter of the Application of SYRACUSE MASONIC TEMPLE, Appellant.

CITY OF SYRACUSE, Respondent.

(Argued December 10, 1935; decided January 21, 1936.)

*George R. Fearon* and *S. D. Solomon* for appellant. The petitioner is a fraternal corporation and body created to build and maintain its temple for its meetings of the general assembly of its members and subordinate bodies of its fraternity, the entire net income of which real estate is exclusively applied and used for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans. (Cons. Laws, ch. 60, § 4, subd. 7; Cons. Laws, ch. 3, § 7; *People ex rel. Trustees of Masonic Hall* v. *Farrell*, 130 Misc. Rep. 142; *People ex rel. Syracuse Masonic Temple* v. *Ostrander*, 105 Misc. Rep. 405.)

· *James C. Tormey, Corporation Counsel* (*John Hmiel* of counsel), for respondent. The statute under which exemption is claimed must be strictly construed. (*People ex rel. Young Men's Association* v. *Sayles*, 32 App. Div. 197; 157 N. Y. 677; *People ex rel. Schenectady O. F. T. A.* v.

*McMillan,* 199 App. Div. 268; *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245.)   Appellant is not a fraternal corporation within the meaning of the Tax Law (Cons. Laws, ch. 60) and has not used its entire net income for the charitable purposes provided for in the statute.   (*People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245; *People ex rel. Masonic Assn.* v. *White,* 218 App. Div. 38; 244 N. Y. 564; *United States Rad. Co.* v. *New York,* 208 N. Y. 144; *Brock* v. *Poor,* 216 N. Y. 387; *Elenk Krieg* v. *Siebrecht,* 238 N. Y. 254; *Rapid Transit Co.* v. *New York,* 259 N. Y. 472; *Schiedell* v. *Llewlyn R. R. Co.,* 177 N. Y. Supp. 529; *Matter of Young,* 15 App. Div. 285; *Fickett* v. *Cohn,* 14. Daly, 550; *People ex rel. Barcalo Mfg. Co.* v. *Knapp,* 187 App. Div. 89; *Matter of Jones,* 37 Hun, 430; 103 N. Y. 621; *Matter of Albertson,* 113 N. Y. 434; *People ex rel. Olean Masonic Corp.* v. *Breder,* 121 Misc. Rep. 553; *People ex rel. Schenectady O. F. T. A.* v. *McMillan,* 199 App. Div. 268.)

*Per Curiam.*   The relator is organized under the provisions of Benevolent Orders Law (Cons. Laws, ch. 3), section 7.   Its certificate of incorporation states that the purpose and objects of said corporation shall be " the acquiring, constructing, maintaining and managing a hall, temple, or other building, or a home for the aged and indigent members of the Masonic order and their dependent widows and orphans, and of collecting and maintaining a library for the use of the bodies uniting to form such corporation, and the entire net income of the property of such corporation shall be exclusively applied, or be used to build, furnish and maintain an asylum, or asylums, a home, or homes, a school or schools, for the free education or relief of the members of the Masonic fraternity, or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans."

It has constructed and maintains a building in the city of Syracuse. It has leased one floor of the building to the Syracuse Masonic Club. The remaining four floors of the building are used and occupied by lodges of the Masonic order as drill halls, lodge rooms, robing rooms, offices and waiting rooms. The relator claims that the building is exempt from taxation under the provisions of subdivision 7 (now subd. 6) of section 4 of the Tax Law (Cons. Laws, ch. 60).

We may assume for the purposes of this appeal, without now deciding, that the relator is a " fraternal corporation * . * * created to build and maintain a building * * * for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations " within the meaning of that subdivision. (Cf. *People ex rel. Masonic Hall Assn.* v. *White*, 218 App. Div. 38; affirmed without opinion, but on answer to certified questions, 244 N. Y. 564.) Exemptions granted by the same subdivision to corporations organized exclusively for other purposes do not apply to it. To obtain exemption of its real property it must comply with the express condition upon which the real property of corporations like itself are granted exemption.

That condition is that the " entire net income of [the] real property is exclusively applied or to be used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of such fraternity or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans." It is not sufficient to include such purposes in the certificate of incorporation, or to provide by resolution that the net income is to constitute a fund for such purposes. The condition is complied with only where *in fact* the entire net income " is exclusively applied or to be used " for such purposes.

No income of the relator has in fact been applied to such purposes. It claims that the reason is that it has never had any net income and that in accordance with its resolutions whenever its income exceeds its expenses and it enjoys a net income such net income is " to be used " for such purposes. It has, nevertheless, paid out of income considerable sums in reduction of funded indebtedness and for other purposes which cannot be considered, reasonably, as expenses to be deducted before the net income is arrived at.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Order affirmed.