THE PEOPLE OF THE STATE OF NEW YORK ex rel. TRUSTEES OF THE MASONIC HALL AND ASYLUM FUND, Appellant, against WILLIAM S. MILLER et al., Constituting the Board of Taxes and Assessments of the City of New York, Respondents.

Argued October 17, 1938; decided November 29, 1938.

*John A. Dutton* for appellant. Chapter 249 of the Laws of 1871 was intended to and did, in fact, exempt the property involved herein from taxation. (*People* v. *Supervisors of Columbia County,* 43 N. Y. 130; *Tonjes* v. *Tonjes,* 14 App. Div. 542; *Matter of Whitman,* 225 N. Y. 9; *Grimmer* v. *Tenement House Dept.,* 205 N. Y. 549; *Matter of City of New York,* 217 N. Y. 1.) Even if relator's property had not been exempt from taxation under chapter 249 of the Laws of 1871, or had been

exempt thereunder, but the act had been repealed by implication by the enactment of the General Tax Law (L. 1896, ch. 908), nevertheless, it is entitled to exemption under the General Tax Law as amended by chapter 203 of the Laws of 1903. (*Matter of Syracuse Masonic Temple*, 270 N. Y. 8; *People ex rel. Masonic Hall Assn.* v. *White*, 218 App. Div. 38; 244 N. Y. 564; *People ex rel. N. Y. Lodge No. 1* v. *Purdy*, 179 App. Div. 805; 224 N. Y. 710; *People ex rel. Mizpah Lodge* v. *Burke*, 228 N. Y. 245.)

*William C. Chanler*, Corporation Counsel (*Edward J. McGratty, Jr.*, and *Arthur A. Segall* of counsel), for respondents. No part of the property herein involved was ever exempt from taxation under the special act of 1871, since that act by its express terms exempted only real estate owned or acquired for the construction and maintenance of an asylum. (*Young Women's Christian Assn.* v. *City of New York*, 217 App. Div. 406; 245 N. Y. 562.) The property is not exempt under the provisions of the General Tax Law. (*People ex rel. German Masonic Temple Assn.* v. *Goldfogle*, 136 Misc. Rep. 100; 229 App. Div. 863; 255 N. Y. 586; *People ex rel. Syracuse Masonic Temple* v. *Ostrander*, 105 Misc. Rep. 405; *People ex rel. N. Y. Lodge No. 1* v. *Purdy*, 179 App. Div. 805; 224 N. Y. 710; *People ex rel. Mizpah Lodge* v. *Burke*, 228 N. Y. 245; *People ex rel. Schenectady Odd Fellows Temple Assn.* v. *McMillan*, 199 App. Div. 268; *People ex rel. Perry Lodge* v. *Clark*, 125 Misc. Rep. 618; *People ex rel. Silver Lake Mutual Assn.* v. *Clark*, 125 Misc. Rep. 622; *People ex rel. Manhattan & Bronx Councils, Inc.*, v. *Miller*, 167 Misc. Rep. 497; *B' Nai B'Rith Club, Inc.*, v. *City of New York*, 270 N. Y. 12.)

O'BRIEN, J. Real property owned by appellant located at Sixth avenue and Twenty-third street and Twenty-fourth street in the city of New York has been assessed for the year 1935. This appeal brings up for review the assessability of this real estate.

Appellant, a fraternal corporation, was organized pursuant to chapter 272 of the Laws of 1864. Section 4 of that statute provides: " It shall be the object of the corporation hereby created to build and maintain a masonic hall in the city of New York, for the meetings of the grand lodge or general assembly of masons, and for the accommodation of other masonic bodies or associations; and *out of the funds derived from the rent or income thereof, or other sources, to build, establish and maintain an asylum or asylums, school or schools,* for the free education of the children of masons, and for the relief of worthy and indigent masons, their widows and orphans."

In the year 1868 appellant purchased the premises at Twenty-third street and Sixth avenue and in the year 1875 a Masonic Hall was completed on the premises. In subsequent years, 1905, 1908, 1912, contiguous parcels were purchased and structural alterations, demolition and additions made. On October 1, 1934, certain portions of the building were used for commercial purposes and appellant derived revenue therefrom.

Chapter 249 of the Laws of 1871 provides: " *The real estate* now owned, or which may *hereafter be acquired,* for the construction and maintenance of an asylum by the trustees of the Masonic Hall and Asylum Fund, a corporation created for benevolent purposes, *so long as the entire income from the same shall be exclusively used for benevolent and charitable purposes, shall be and remain exempt from taxation.*" Chapter 503 of the Laws of 1873 amended the original act of 1864 and in section 3 authorized appellant to rent for mercantile or other purposes such parts of the Masonic Hall then in course of erection at Sixth avenue and Twenty-third street and such parts of other buildings to be erected as shall not be required for actual use and occupancy for Masonic objects and to use for the benevolent, educational and charitable purposes mentioned in the act of 1864 the funds so derived. Chapter 410 of the Laws of 1882, the Consolidation Act,

applicable exclusively to the city of New York, in section 824, subdivision 2, specifically exempted from all taxation " any real estate now owned or hereafter acquired for the construction and maintenance of an asylum by the trustees of the Masonic Hall and Asylum Fund, but such exemption shall continue only so long as the entire income from the same shall be exclusively used for benevolent and charitable purposes."

In the year 1889 appellant purchased land and in subsequent years erected buildings at Utica for the maintenance and care of indigent Masons, their wives, widows and orphans. The parties to this litigation stipulate that all the net income from the property in the city of New York has been used for the maintenance of the home at Utica. Such is also the finding of fact at Trial Term which stands unreversed and the opinions in both the courts below concede it. Even if the effect of these various enactments could be deemed ambiguous, the practical construction placed upon them by failure to assess a tax against this property for more than sixty years would be most significant. Concededly, appellant is a *fraternal* corporation and as such comes squarely within the intent of this language embraced within section 4, subdivision 6, of the present Tax Law (Cons. Laws, ch. 60): " *the real property of any fraternal corporation,* association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or association, *the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain an asylum or asylums,* a home or homes, a school or schools, for the free education or relief of the members of such fraternity or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans, *shall be exempt from taxation.*" This statute does not require the

real property to be used exclusively for fraternal purposes but has reference to the application of the entire net income to the exclusive purpose of building, furnishing and maintaining an asylum, home or school. Concededly the entire net income of appellant's real property in New York city is applied to such a use. In this respect the facts differ from those in *Matter of Syracuse Masonic Temple* (270 N. Y. 8) and *B' Nai B'Rith Club, Inc.*, v. *City of New Yark* (270 N. Y. 12). In the first case, the fact is that no income was applied to any of the purposes required by the statute. In the second case, the plaintiff was a membership not a fraternal organization and the net income was not used exclusively for those purposes.

The order of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.