James J. Crisona, J.
This action for money had and received was tried pursuant to an agreed statement of facts.
Plaintiff, a residential housing co-operative, owns and operates a development of three six-story apartment buildings situated in Queens County. In May, 1952 plaintiff, through its promoters, obtained from the defendant bank a commitment for a Federal Housing Administration insured mortgage loan pursuant to section 213 of the National Housing Act (U. S. Code, tit. 12, § 1715e). The mortgage loan was in the sum of $2,168,100 at 4% interest over a period of 40 years. Thereafter in June, 1953 the Federal Housing Administration issued a commitment to insure the mortgage in the afore-mentioned sum. The closing of the mortgage loan was in the form of a series of advances to be given at progressive stages in the construction of the buildings. The first advance on July 30,1953, included a service charge by defendant bank of 1%% of the principal face amount of the mortgage of $2,168,100, or $32,522. In addition thereto plaintiff was charged $2,200 for the legal fees of defendant’s attorneys and $15,452 for title examination, mortgage tax, revenue stamps and recording. This action has been brought to recover the sum of $32,522 (the 1 %% service charge) which plaintiff contends was improperly charg’ed by defendant.
At the time the disputed service charge was paid paragraph 9 of section I of the Administrative Rules and Regulations promulgated by the Federal Housing Administration provided that: “ 9. The mortgagee may collect from the mortgagor the amount of the application and commitment fees provided for in this section and may charge the mortgagor an initial service charge to reimburse itself for the cost of closing the transaction, in an amount not to exceed one and one-half per centum (1%%) of the original principal amount of the mortgage.” (Emphasis supplied.)
It is conceded that neither the plaintiff nor defendant had knowledge that the service charge of $32,522 could be improper or that plaintiff had knowledge as to whether defendant did or did not in fact have expenses in the sum of $32,522 or more, for which the charge might have been intended to reimburse it. It is plaintiff’s contention that the entire $32,522 paid by it to defendant was improperly charged since this sum was not in reimbursement of defendant’s cost and, therefore, was contrary to the Administrative Rules and Regulations of the Federal Housing Administration then in effect.
The sole issue to be determined upon this trial is whether the word ‘ ‘ reimburse ’ ’, as used in the section previously noted, is to be interpreted in its literal sense. While “ [t]he primary *542 meaning of [reimburse] * * * is to pay back, to make return or restoration of an equivalent for something paid, expended or lost; to indemnify; to make whole ” (Woerz v. Schumacher, 161 N. Y. 530, 536), the court is of the opinion that the regulation under consideration contemplated a broader meaning of the word.
It is well settled that interpretations by administrative agencies concerning their own regulations must be accorded great weight. (Bowles v. Seminole Rock Co., 325 U. S. 410; Ferraiolo v. O’Dwyer, 302 N. Y. 371; Matter of Kolb v. Holling, 285 N. Y. 104.) Such interpretations are controlling on the court and will not be disturbed unless clearly erroneous. (Lightbody v. Russell, 293 N. Y. 492, 496; Matter of Luxenberg v. Stichman, 2 A D 2d 605, 607.)
In the case at bar no claim is made that the Federal Housing-Administration ever objected to the practice of charging a “ flat ” 1%% service charge. As a matter of fact the defendant bank is the mortgagee in 18 other instances relating to Federal Housing Administration section 213 mortgages (Federal Housing Act, § 213; IT. S. Code, tit. 12, § 1715e), where the initial service charge of 1%% was paid in addition to “ out-of-pocket ” disbursements, all without objection from the Federal Housing Administration or the mortgagors. Furthermore it is conceded that there are many other instances in which the Federal Housing Administration insured section 213 mortgages involving the payment of the questioned initial service charge under circumstances parallel to the ease at bar. Thus, even if the regulation in question could be deemed ambiguous, the practical construction placed upon it by both the Federal Housing Administration and many other mortgagors is “ most significant.” (People ex rel. Trustees of Masonic Hall & Asylum Fund v. Miller, 279 N. Y. 137,141.)
It is to be noted that as part of processing a mortgage loan, such as the one here involved, the Federal Housing Administration must give its approval at successive stages of the loan transaction. In the case at bar the 1%% initial service charge was approved in several instances. The project analysis prepared and approved by the Federal Housing Administration recited that “Financing expense” and “Title and recording expense ’’would be charged to plaintiff in the amounts of “ 1%% [of] $2,168,100 ” and “$21,000” respectively. The Federal Housing Administration gave further approval to the 1%% service charge in its Financial Requirements For Closing form which includes estimates of construction costs, carrying and financing expenses. Item 12 of this form listed the 1 ‘ Financing *543 expense ” at 1%%, amounting to $32,522, and item 13 listed the “ Title and recording expense ” at $21,000.
It would thus appear that the Federal Housing Administration has in the present case and in prior similar transactions permitted and approved the initial service charge of 1%% in addition to certain specifically enumerated ‘ ‘ out-of-pocket ’ ’ expenses. There are other costs that are incurred by a lender in connection with the origination, processing and closing of a mortgage loan. In the opinion of the court the Federal Housing Administration’s interpretation is reasonable in view of the nonenumerated multiple costs incurred in closing a loan that would be almost impossible, if not most impractical, to separately list for approval. To hold that such costs need be “ out-of-pocket ” before they could be reimbursed would be contrary to the interpretation and application by the Federal Housing Administration of its own regulation, impractical and contrary to established financing practice in section 213 mortgage loan transactions. Accordingly, judgment is granted in favor of defendant dismissing the complaint on the merits.