■ In the Matter of ST. LUKE'S HOSPITAL, Respondent, v. WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Appellants.—

The properties here involved consist of 10 apartment houses which are used in part to house hospital personnel employed by petitioner hospital. The profits derived from the operation of the properties are used for the work of the hospital. Some of the tenants in these apartment houses have no connection with the hospital. However, as apartments become vacant they are rented to employees of the hospital only. As of 1956, the buildings were occupied in percentages

ranging from 17% to 42% by employees of the hospital. By 1957, the same percentages applied to all but three buildings, in which they had increased. The pertinent portion of subdivision 6 of section 4 of the Tax Law, which governed the exemption sought for the years involved in the proceeding, provided for the exemption from taxation of the real property of a corporation or association organized exclusively for hospital and infirmary purposes and used exclusively for carrying out thereupon one or more of such purposes. It was also provided that a lot or building "actually used for hospital purposes, by a free public hospital" shall not be taxed as to a portion thereof leased or otherwise used for purposes of income, when such income is necessary for and is actually applied to the maintenance and support of such hospital. Appellants assail the determination of exemption on the dual ground that petitioner does not qualify as a "free public hospital" and that the property was not being used for "hospital purposes". Since, admittedly, no medical or hospital activities were carried on in the premises, the fact that some of the apartments were occupied by hospital employees cannot serve to convert the use of the premises from ordinary residential buildings into ones "actually used for hospital purposes". Hence, even though, as respondent contends, the use of the buildings may facilitate the operation of the hospital, that is not the test for exemption. Property used for residential purposes is entitled to exemption when the use is necessary to carry out the corporate purpose (*People ex rel. Clarkson Mem. College* v. *Haggett*, 274 App. Div. 732, affd. 300 N. Y. 595) or the residential use is actually part of the charitable and benevolent work of the exempt corporation. (*Young Women's Christian Assn. of Brooklyn* v. *City of New York*, 137 Misc. 321, affd. 227 App. Div. 742, affd. 254 N. Y. 558.) The buildings in issue are not actually used for hospital purposes any more than apartment buildings owned by any other landlord in which hospital employees reside. Such buildings are owned and used for residential and investment purposes, and hence do not fall within the classifications of exemptions contained in former subdivision 6 of section 4 of the Tax Law, which apply to buildings "actually used for hospital purposes". In view of our conclusion that the buildings are not actually used for hospital purposes, it becomes unnecessary to decide, and therefore we do not pass on, the additional question of whether petitioner is a "free public hospital" within the meaning of the exemption statute. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Valente, and McNally, JJ.