Frederick B. Bryant, J.
This proceeding to review an assessment under article 7 of the Real Property Tax Lew was com *73 menced by tbe service of a petition and notice to review on the Board of Assessors of the City of Ithaca. Ho answer having been served or filed pursuant to section 712 of the Beal Property Tax Law, the allegations of the petition are deemed to be denied.
However, the respondents move to dismiss the petition on the ground that the petitioner is not entitled to the relief sought as a matter of law. In this respect, and for the purpose of such motion only, the respondent must be deemed to have admitted all the allegations of the petition with reference to the corporate organization, operation and purposes of the petitioner, the proper filing of the assessment rolls and timeliness of the objection and the relationship between the petitioner and the fraternal organizations which formed it. In other words, the respondent’s denial of the petitioner’s allegation of its legal right to the relief sought creates the only issue presently before the court.
Petitioner is incorporated under section 7 of the Benevolent Orders Law of the State of Hew York. Its purposes, insofar as pertinent here, are stated as follows in its charter: “ To build and maintain a building for its meetings and the meetings of the bodies comprising this corporation, or subordinate bodies of the Masonic Fraternity, and for the accommodation of other fraternal bodies or associations; to receive and maintain a fund or funds of real or personal property or both and subject to the restrictions and limitations herein set forth to use and apply the whole or any part of the income therefrom and the principal thereof exclusively for the foregoing purposes; provided, however, that the entire net income shall be exclusively applied or used to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of the fraternities comprising this corporation or for the relief, support and care of worthy and indigent members of such fraternities, their wives, widows and orphans, and provided that no part of such income or such principal shall enure to the benefit of any private individual (except that reasonable compensation may be paid for services rendered to or for the corporation affecting one or more of its purposes), and no member, trustee, officer, or any private individual shall be entitled to share in the distribution of the corporate assets on dissolution of the corporation; nor shall any part be used for the carrying on of propaganda or otherwise attempting to influence legislation or participating in or intervening in any political campaign on behalf of any candidate for public office.”
Acting pursuant to its charter, petitioner has constructed a hall or temple for the use of the masonic bodies which joined *74 in its formation for their meetings and related activities. Any net income from operation of the hall or temple is to he applied exclusively to the maintenance of the home provided by the Grand Lodge of Free and Accepted Masons of the State of New York for the relief of its members.
Petitioner alleges that its form of organization, the type of organization constituting its membership, and its corporate purpose entitle it to exemption from taxation of its real property pursuant to the provisions of section 428 of the Beal Property Tax Law which provides as follows: ‘ ‘ Beal property owned by any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members or subordinate bodies thereof and for the accommodation of other fraternal corporations, associations or bodies, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain one or more asylums, homes or schools for the free education or relief of its members or for the relief, support and care of the worthy and indigent members thereof, their wives, widows or orphans, shall be exempt from taxation and exempt from special ad valorem levies and special assessments to the extent provided in section four hundred ninety of this chapter.”
The historical background of this section of the Beal Property Tax Law and its interpretation by the courts in cases involving petitions for exemptions similar to the present indicate that it provides no relief from taxation to the petitioner here.
Section 428 of the Beal Property Tax Law derives from chapter 272 of the Laws of 1864 and subsequent amendments which incorporated ‘ ‘ The Trustees of the Masonic Hall Fund ’ ’ whose sole function was to establish and maintain what subsequently became the Masonic Home at Utica, New York. To further that purpose that body was empowered to construct a Masonic Hall in the City of New York as a Grand Lodge or general assembly of masons, the moneys derived from the use of which were to be used for the construction and maintenance of the Masonic Home. Exemption from tax on such property was included in the incorporating statute as amended and later the provision for exemption in general terms became a part of the Tax Law. It was apparently the purpose of the Legislature to make general the law exempting a body engaged in such charitable enterprise. (People ex rel. Syracuse Masonic Temple v. Ostrander, 105 Misc. 405.)
The exemption from the imposition of real estate taxes on the Masonic Hall property of the Trustees of the Masonic Hall *75 and Asylum Fund under this provision of the Real Property Tax Law has been sustained by the Court of Appeals. (People ex rel. Trustees of Masonic Hall & Asylum Fund v. Miller, 279 N. Y. 137.) The court distinguished other cases in which such exemption had been denied to similar bodies.
The courts have repeatedly held that exemptions from taxation are not favored and, in order to be sustained, must be expressed in clear and unambiguous language reflecting the unquestioned intent of the'. Legislature to grant such exemption. (People ex rel. Andrews v. Cameron, 140 App. Div. 76, affd. 200 N. Y. 585; People ex rel. Mizpah Lodge v. Burke, 228 N. Y. 245.)
No authority can be found in this State for the proposition asserted here that a group of fraternal organizations can form a corporation for the purpose of holding and maintaining lodge property and gain tax exemption therefor by providing in its certificate that any net income will be used for charitable purposes. Such organizations are not exclusively formed for charitable uses or purposes and any net income used for such purposes would constitute a negligible part of their revenue.
The petitioner in the present case is incorporated under section 7 of the Benevolent Orders Law.. Section 2 of the Benevolent Orders Law provides for the incorporation of fraternal bodies and section 3 empowers them to hold real property. Section 7 is merely an extension of section 2, permitting two or more fraternal bodies to jointly form a corporation with the same powers set forth in section 3. Corporations formed under either section 2 or section 7 of the Benevolent Orders Law have as their primary purpose the maintenance of a hall for the fraternal, festive and social functions of its component bodies and the promotion of the welfare of its own members as a fraternal organization. The further purpose, merely stated in a certificate of incorporation, of turning over the net proceeds of its operation to the Masonic Hall or other charity is an afterthought and, in actuality, an empty promise. Exemption under such circumstances was denied by the Court of Appeals in People ex rel. Mizpah Lodge v. Burke (supra) and this court considers that case controlling in the present controversy.
In Matter of Syracuse Masonic Temple (270 N. Y. 8), the court held that it was not enough that the certificate of incorporation provide that the net income is to provide a fund to maintain an asylum or home for needy masonic families but that there must be a factual showing that substantial amounts of net income were, in fact, so applied. No such showing has been made in the present proceeding.
*76 People ex rel. Syracuse Masonic Temple v. Ostrander (105 Misc. 405, supra) is a direct holding that, on a factual situation similar to that presented here, the petitioner is not entitled to the relief sought. The reasoning of that case was followed in People ex rel Masonic Hall Assn. v. White (218 App. Div. 38, affd. 244 N. Y. 564). The following language from the court’s opinion at page 41 states the rule of interpretation of section 428 of the Real Property Tax Law and mandates denial of the petition in the present case: “ The purpose of the Benevolent Orders Law was to create a convenient corporation to own and manage its property for the benefit of the various bodies which united to form it. We think it was not the kind of fraternal corporation referred to in subdivision 7 of section 4 of the Tax Law. It has no general assembly of its members. It has no subordinate bodies. It has no such membership as might require the maintenance of an asylum, home or school for their free education or relief or for the relief, support and care of worthy and indigent members, their wives, widows or orphans. Said provision of the exemption statute evidently contemplates a fraternal corporation, association or body with a large membership and which charters subordinate lodges; in short, a real fraternity as distinguished from a mere landlord corporation such as the relator was incorporated to be. It was not incorporated for any educational, charitable or benevolent purpose, except insofar as it maintained a library for the benefit of these Masonic bodies. It was not incorporated for the purpose of obtaining an income to be applied to the charitable and benevolent purposes of an asylum, home or school, etc.,- as limited in the said exemption statute. No such purpose was expressed in its certificate of incorporation.”
The respondent’s motion is granted and the petition is dismissed.