█ In the Matter of ITHACA MASONIC TEMPLE CORPORATION, Appellant, v. CLO CALISTRI et al., Constituting the Board of Assessors of the City of Ithaca, Respondents.— *Per Curiam.* Appeal from an order of the Supreme Court at Special Term, dated June 6, 1968 in Tompkins County, which dismissed petitioner's application in a proceeding under article 7 of the Real Property Tax Law to review a determination of the Board of Assessors. Appellant is a joint corporation consisting of five local Masonic Lodges and formed under section 7 of the Benevolent Orders Law to "build and maintain a building for its meetings and the meetings of the bodies comprising this corporation, or subordinate bodies of the Masonic fraternity". Appellant's temple, located in the City of Ithaca was assessed at $129,300 by respondents, who refused appellant's request for an exemption. The groups that formed the appellant corporation include both charitable and noncharitable societies. A small portion of the premises is rented to a nonMasonic business concern. Occasionally, the use of the building is permitted for rummage sales, or banquets, generally sponsored by one of the bodies. Otherwise, the building is exclusively devoted to use by the various fraternal bodies for their meetings. Section 428 of the Real Property Tax Law provides an exemption for: "Real property owned by any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members or subordinate bodies thereof and for the accommodation of other fraternal corporations, associations or bodies, the entire net income of which real property is exclusively applied or to be used to build, furnish and maintain one or more asylums, homes * * * for the relief, support and care of the worthy and indigent members thereof". This exemption has been held applicable to realty of the Masonic Grand Lodge (*People ex rel. Trustees of Masonic Hall & Asylum Fund* v. *Miller*, 279 N. Y. 137) and appellant contends that it is equally applicable to joint corporations composed of that lodge's subordinate bodies. Appellant

further contends that it has complied with the provisions of the statute by paying to the Masonic Hall and Asylum Fund its entire net income of $169 in 1966 and $122.08 in 1967. We cannot agree with that contention. Appellant has demonstrated by the small amounts of net income produced that its principal purposes are fraternal in nature and not charitable. On the other hand, in the *Miller* case, the Masonic Hall had clearly demonstrated a good faith success at producing a reasonable rate of return on the capital invested. The average annual net income there was $134,252. (See the Supreme Court opinion in this case, *People ex rel. Trustees of Masonic Hall & Asylum Fund* v. *Miller*, 164 Misc. 726.) In *People ex rel. Masonic Hall Assn. of Saratoga Springs* v. *White* (218 App. Div. 38, affd. 244 N. Y. 564) this court had before it a fraternal corporation composed of four Masonic Lodges which had united for purposes similar to those of appellant and which sought an exemption for its realty under a statute similar to section 428. We affirmed the denial of the exemption stating that the "provision of the exemption statute evidently contemplates a fraternal corporation, association or body *with a large membership and which charters subordinate lodges; in short, a real fraternity as distinguished from a mere landlord corporation* such as the relator was incorporated to be" (*People ex rel. Masonic Hall Assn. of Saratoga Springs* v. *White, supra*, p. 41) (emphasis supplied). As in *White,* appellant is a distinct corporate entity separate from its constitutional lodges, having no general assembly of its members, and no subordinate bodies, and having "no worthy and indigent members for the relief, support and care of whom its net income could be applied" (*People ex rel. Masonic Hall Assn. of Saratoga Springs, N. Y.* v. *White, supra*, p. 41). The language of section 428 was originally enacted in Laws of New York (L. 1903, ch. 204) and was designed to make available to fraternal organizations generally an exemption originally granted only to the Grand Lodge of the Masonic Order. Its legislative history indicates that the statute was designed to benefit fraternal organizations such as the Grand Lodge rather than corporations such as the one in the case at bar, formed by its subordinate lodges whose charitable contributions are not so substantial as to merit an exemption. "'Legislative intent to exempt any property from taxation can never be presumed, but must always be expressed in language so clear as to admit of no argument.'" (*People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245, 248.) Where, as here, appellant is not clearly within the scope of those entitled to an exemption, this court will not grant relief by indulging in unwarranted presumptions. Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum *Per Curiam.* [57 Misc 2d 72.]