■ LARRY RICE et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. [599 NYS2d 211] —Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiffs are married couples; one spouse of each couple is severely disabled and receives Federal Supplemental Security Income (SSI) and the other is a recipient of Home Relief (HR), a New York State public assistance benefit. They commenced this action seeking class certification and a declaration that 18 NYCRR 352.2 (b) is void because it is preempted by Federal and State law. The court properly dismissed plaintiffs' motion for class certification but erred in failing to grant plaintiffs a declaratory judgment and in granting defendants' cross motion for summary judgment dismissing the complaint.

Before July 1991, SSI benefits were not included as income when determining the HR benefit to be received by other household members. The SSI benefits were termed "invisible" and the HR benefit was calculated as if the SSI recipient were not part of the household. In July 1991, however, 18 NYCRR 352.2 (b) was adopted, initially as an emergency measure and thereafter permanently, to provide that SSI benefits will be "invisible" only in households receiving Emergency Assistance to Needy Families or Aid to Families with Dependent Children.

We reject plaintiffs' argument that the above regulation violates the Social Security Act and therefore is preempted by Federal law because we do not find a clear manifestation of such intent (see generally, New York State Dept. of Social Servs. v Dublino, 413 US 405, 413; Turner v Perales, 708 F Supp 512, 516-517, affd 869 F2d 140; see also, Pennhurst State School v Halderman, 451 US 1, 17-18). We conclude, however, that the "Allen" budgeting method set forth in 91 ADM-38, the administrative directive for the implementation of 18 NYCRR 352.2 (b), violates Social Services Law § 209 (2) and therefore is "clearly erroneous" (Franconia Vil. Coop. v Lincoln Sav. Bank, 33 Misc 2d 540, 542, affd 22 AD2d 402). That budgeting method, which was applied to the named plaintiffs,

assumes that the SSI beneficiary's standard of need is the same as that of the HR spouse, in direct contravention of Social Services Law § 209 (2), which establishes a higher standard of need for those who are disabled. While section 352.2 (b), insofar as it provides for economies of scale in determining HR benefits, does not violate Social Services Law § 209 (2), the "Allen" budgeting method exceeds what is permissible. We therefore modify the order appealed from by vacating the second ordering paragraph, denying defendants' cross motion and granting judgment declaring that 18 NYCRR 352.2 (b), as implemented by the "Allen" budgeting method in 91 ADM-38, violates Social Services Law § 209 (2). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ. *[See,* 156 Misc 2d 631.]